Steve W. Dollar, Esq. (SBN 104365)
sdollar@ericksenarbuthnot.com
Nathaniel R. Lucey, Esq. (SBN 260796)
nlucey@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
152 North Third Street, Suite 700
San Jose, CA 95112
Telephone (408) 286-0880
Facsimile (408) 286-0337
Attorneys for LESLIE T. GUTTADAURO

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CAROL A. SIGNOR<br>aka LENA SIGNOR,<br><br>          Debtor(s).<br><br>LESLIE GUTTADAURO,<br><br>          Movant,<br><br>CAROL A. SIGNOR<br>aka LENA SIGNOR,<br><br>          Respondent. | Case No. 10-63343 SLJ 13<br><br>Chapter 13<br><br>DECLARATION RE: NON-CURE OF DEFAULT<br><br><br>JUDGE: Hon. Stephen L. Johnson<br>ROOM: 3035 |

I, Leslie T. Guttadauro, declare:

    1.    I am a creditor in the above Chapter 13 Bankruptcy of Debtor Carol Signor (aka Lena Signor.) I have personal, first-hand knowledge as to the statements set forth herein. If called upon as a witness in a court of law, I would competently testify as to the following:

    2.    I am a secured creditor and am specifically familiar with the accounts and records concerning the debt owed to me by the Debtor. The debt consists of two $30,000.00 loans I made to Debtor. The loans are secured by a property located at 4111 Rivoir Drive in San Jose, California.

3. On December 31, 2010, Debtor filed a voluntary petition of bankruptcy under Chapter 13 of the Bankruptcy Code. Devin Derham-Burk is the appointed trustee.

4. On April 29, 2011 this Court approved the Amended Chapter 13 Plan dated April 8, 2011. Under this plan Ms. Signor was to make monthly payments of $500.00 to me for the above loans.

5. Debtor's last $500.00 payment to me was in April of 2012.

6. In April of 2013, my prior counsel filed a Motion for Relief from Stay base on Debtor's default. The Court granted the motion in part on March 28, 2013 and entered an order reflecting its ruling on October 3, 2013 (October 3rd Order).

7. The Order required Debtor to resume making the $500 payments on June 1, 2013. It also required that she pay all the prior arrearages in full by making additional equal payments over a 12 months period. Debtor was to begin making these additional payments on June 1, 2013 as well.

8. If Debtor failed to make these payments, the October 3rd Order required that I give her ten days to cure any non-compliance. If Debtor failed to pay within ten days of service of a Declaration of Non-Compliance, the October 3rd Order permits me to file a Declaration Re: Non-Cure of Default. Upon filing of this Declaration, the Court will enter an Order for Relief from Automatic Stay and permit me to foreclose on the Rivoir Drive property.

9. On April 15, 2014 my attorney filed and served a Declaration Re: Non-Compliance with Order on Motion Granting Limited Relief from Stay and for Adequate Protection. [Docket No. 59 & 60] The Declaration demanded that Debtor cure the default within ten (10) days by paying $11,458.33.

10. As of the date of this Declaration, I have received no payment to cure the default from the Debtor and neither the Debtor nor the Debtor's attorney have contacted me and indicated an intention to cure the default.

11. As of the date of this Declaration, the Debtor has made none of the monthly payments required under the October 3rd Order.

12. Pursuant to the October 3rd Order, I request that this Court enter an Order for Relief from Automatic Stay.

1 | I declare under penalty of perjury under the laws of the United States of America that the
2 | foregoing is true and correct. Executed this 25th day of April, 2014.

*[signature]*
Leslie T. Guttadauro