Entered on Docket
April 30, 2014
APR 28 2014
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED.
Signed APR 3 0 2014

*Stephen Johnson*
Stephen Johnson
U.S. Bankruptcy Judge

Steve W. Dollar, Esq. (SBN 104365)
sdollar@ericksenarbuthnot.com
Nathaniel R. Lucey, Esq. (SBN 260796)
nlucey@ericksenarbuthnot.com
ERICKSEN ARBUTHNOT
152 North Third Street, Suite 700
San Jose, CA 95112
Telephone (408) 286-0880
Facsimile (408) 286-0337
Attorneys for LESLIE T. GUTTADAURO

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CAROL A. SIGNOR<br>aka LENA SIGNOR,<br><br>          Debtor(s).<br><br>LESLIE GUTTADAURO,<br><br>          Movant,<br><br>CAROL A. SIGNOR<br>aka LENA SIGNOR,<br><br>          Respondent. | Case No. 10-63343 SLJ 13<br><br>Chapter 13<br><br>ORDER FOR RELIEF FROM AUTOMATIC STAY |

The Court finds as follows:

1. Leslie Guttadauro (hereinafter referred to as Movant) filed a Motion for Relief from Automatic Stay ("Motion") after Carol "Lena" Signor, (hereinafter "Debtor") failed to make payments toward Mr. Guttadauro's secured claim pursuant to the Amended Chapter 13 Plan approved by this Court.

2. The motion came on for hearing on May 28, 2013 at 10:30 a.m., the Honorable Stephen L. Johnson presiding. Movant appeared through his special appearance counsel, Anthony P. Passaretti, Esq. All other appearances were duly noted on the record.

3. On October 3, 2013, the Court signed the Order on Motion Granting Limited Relief from Stay and for Adequate Protection (Docket No. 55, hereinafter "the October 3rd Order"). Pursuant to the October 3rd Order the Debtor was to resume making monthly payments to Movant in the amount of $500.00 as set forth in the Amended Chapter 13. These payments, which were to pay a debt secured by real property located at 4111 Rivoir Drive in San Jose, California, were to resume on June 1, 2013.

4. In addition to the above payments, the Debtor was to make additional monthly payments over a twelve (12) month period in order to cure the post-petition arrearages. The Court ordered that Debtor was to make these payments starting on June 1, 2013.

5. The October 3rd Order set forth Movant's remedy if Debtor failed to comply with the above terms. In the event Debtor defaulted, Movant was required file and serve a Declaration Re: Non-Compliance with Order on Motion Granting Limited Relief from Stay and for Adequate Protection. Upon filing and service of this Declaration, the Debtor had ten days to cure the default.

6. If, on the eleventh days after receiving notice of the default, Debtor failed to cure her default, the Movant could file and serve a Declaration Re: Non-Cure of Default. Upon filing of this Declaration, the Court would enter an order lifting the automatic stay as to Movant and permit him to proceed against the Rivoir Drive property.

7. Movant has filed and served all the necessary documents demonstrating that Debtor has materially failed to comply with the October 3rd Order and that she has failed to cure her non-compliance within ten days after receiving a notice and demand to cure.

The Court, having made the following findings, makes its Order as follows:

**IT IS SO ORDERED THAT:**

1. The automatic stay is hereby lifted and extinguished for all purposes as to Movant;

2. Movant may proceed with a notice of default and foreclosure sale of the 4111 Rivoir Drive property, pursuant to applicable state laws, without further order or proceeding in this Court, and may take any action necessary to obtain complete possession of the 4111 Rivoir Drive property.