```
DAVID JAMES TRAPP, SB #121274
Attorney at Law
501 Stockton Ave.
San Jose, CA  95126
Telephone: (408) 298-2566

Attorney for Debtor(s)
Carol Signor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

CAROL A. SIGNOR

         Debtor(s)

_____/

CHAPTER 13
CASE NO. 10-63343 SLJ

DECLARATION OF DEBTOR
IN SUPPORT OF MOTION TO
VACATE THE ORDER FOR RELIEF
FROM STAY

Date: September 23, 2014
Time: 10:00 AM
Room: 3099

    I, Carol A. Signor, am the debtor in the above action.  I am an adult living in Santa Clara County California.  I have personal knowledge of the facts stated herein and could competently testify thereto.

    On December 31, 2010, I filed this chapter 13 petition, to pay off my debts in a timely and orderly manner.  The amended chapter 13 plan was confirmed on April 29, 2011.  I am current with my monthly payments of $576.00 to the chapter 13 trustee.

    In April 2013, the creditor Leslie Guttadauro filed a motion for relief from the automatic stay, and the matter came for hearing on May 28, 2013.  The parties stipulated to an adequate protection order (hereinafter the APO), and the court issued the order on October 3, 2013.  As part of this order the parties were to meet

and confer in good faith to determine the amount of the post-petition arrearage (see page 2, lines 2-4, of the APO, document #55). While discussions occurred between counsel, this amount was never determined and remains unresolved. It was suggested at one point by my attorney that the parties and their attorneys all meet in person to work out this amount, but this meeting never occurred. Soon thereafter, Guttadauro changed his attorneys.

The APO required me to make $500 monthly payments on the postpetition arrearage. The chapter 13 plan, paragraph 4, also requires this payment. During the time after the APO, I made 3 monthly payments of $500 (June, July and August payments). But beginning in September 2013, Guttadauro stopped accepting the payments. He refused to accept the September payment and the October payment. Since he was simply refusing to accept payments, I stopped tendering payments at that point. I did, however, set aside monies so that I could resume payments once the Guttadauro agreed to receive them.

On or about April 28, 2014, Leslie Guttadauro filed a Notice of Noncure of the Default with the court. The court thereafter entered an order for relief from stay. This Notice was misleading in that he did not disclose his refusal to accept payments. It is unconscionable that he could thereafter pursue a foreclosure after refusing payments.

Leslie and Robin Guttadauro filed on 6/23/14 a 90 day notice of default as to the real property. I must add that Guttadauro instructed the title company to additionally serve me with this notice at work, an unnecessary but highly embarrassing action.

The real estate at issue is my home. I have lived in this home

for many years. It has increased in value by approximately $150,000 since the petition date and now has equity. It is my opinion that the property is now worth approximately $580,000.00. I base this opinion on the home value on my knowledge of the condition of my home, from a meeting with a realtor, Matt Tenczar, who researched comparable properties, and from my own knowledge of the sales of similar homes in the neighborhood. If this value is correct, I have equity in the amount of $21,000.00 ($580,000 – $499,000 (first mortgage) and – $60,000 (Guttadauro) = $21,000 in equity). It is of prime importance to me to keep this property as I attempt to pay off my debts and have a financial fresh start.

The Guttadauros have refused to accept payments, and are now attempting take advantage of their own refusals to take away my home via a foreclosure. Their claim also has an illegal, usurious claim of interest.

I ask that the court vacate the order of April 2014, and renew the original APO. I have the monies and income available to make payments under the APO. I am willing to work with the Guttadauros to finally determine the arrearage amount (I have always been willing to do so). I am also seeking a lender to refinance the property to pay off the loan of the Guttadauros. In fact, I have 2 serious private lenders who are interested. If and when this occurs I will make an appropriate motion to the court.

I declare under penalty of perjury under the laws of the State of California that the facts stated herein are true.

Executed on September 2, 2014, at San Jose, California.

/s/ Carol A. Signor
_____
Carol A. Signor

Case: 10-63343    Doc# 66    Filed: 09/02/14    Entered: 09/02/14 14:49:56    Page 3 of 3

3